UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------------x
MARCUS MOORE, SYLVESTER LUKE, and
GEOFF PEREIRA,

                Plaintiffs,

           -against-

KTR DEVELOPMENT LLC, 557 LAFAYETTE
AVENUE LLC, B&H CONTRACTING CORP.,
330 CLIFTON CORP., and
SHIFRA CONSTRUCTION CORP.,

                Defendants.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER

09-CV-2925 (RJD) (RER)

DEARIE, Chief Judge:

Plaintiffs bring this *pro se* action against defendants for defendants' purported discriminatory employment practices in refusing to hire plaintiffs and other African Americans at defendants' construction sites. Plaintiffs' requests to proceed *in forma pauperis* are granted for the purpose of this Order. For the reasons set forth below, plaintiffs' complaint, to the extent it alleges violations of the "Fair Housing Labor Laws" and the "Fair Labor Laws," is dismissed. However, the Court, interpreting plaintiffs' *pro se* complaint to raise the strongest arguments possible, concludes that plaintiffs' complaint may raise a colorable claim under 42 U.S.C. § 1981. Accordingly, plaintiffs will be allowed to proceed under that statute.

## BACKGROUND

Plaintiffs allege that defendants are constructing building projects at 552 and 557 Lafayette Avenue and 330 Clifton Place in Brooklyn, New York, and that they "approached the Defendants for work that they are qualified for and were refused employment." Plaintiffs further allege: "Defendants have hired their entire construction crew from outside of the immediate affected area. Defendants have not hired and have refused to employ any employees who are of

African descent or any skilled or unskilled talent from within the proximate effected [*sic*] neighborhood." Plaintiffs allege that defendants' refusal to employ them is a result of defendants' discriminatory hiring practices on the basis of race and that defendants have violated the "Fair Housing Labor Laws" and the "Fair Labor Laws." Plaintiffs seek an order enjoining defendants from engaging in discriminatory employment practices as well as an unspecified amount of monetary damages.

## DISCUSSION

The Court is mindful that *pro se* plaintiffs' submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Because Plaintiffs are *pro se*, the complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Thus, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Nonetheless, the Court is required to dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### A. "Fair Housing Labor Laws" and "Fair Labor Laws"

Plaintiffs allege that defendants' purported discriminatory acts violate the "Fair Housing Labor Laws" and "the Fair Labor Laws." The Court believes that plaintiffs meant to invoke the Fair Labor Standards Act and the Fair Housing Act. However, neither the Fair Labor Standards

2

Act nor the Fair Housing Act appears to apply to the situation plaintiffs describe. The Fair Labor Standards Act regulates wages and hours and does not address discrimination in employment or government contracts. See 29 U.S.C. § 201, *et seq.* While the Fair Housing Act prohibits discrimination on the basis of race and other prohibited categories, its protections apply to the provision of housing, not employment opportunities. See 42 U.S.C. § 3601, *et seq.* Accordingly, plaintiffs' claims, to the extent that they allege violations of the Fair Labor Standards Act and the Fair Housing Act, are dismissed.

**B.      Section 3 of the Housing and Urban Development Act**

In interpreting plaintiffs' complaint to raise the strongest arguments possible, the Court construes plaintiffs' reference to defendants' hiring workers from outside, but not from within, "the immediate affected area," to suggest a possible claim under Section 3 of the Housing and Urban Development Act. That provision provides: "[t]he Secretary [of Housing and Urban Development] shall require that public and Indian housing agencies, and their contractors and subcontractors, make their best efforts, consistent with existing Federal, State, and local laws and regulations, to give to low- and very low-income persons the training and employment opportunities generated by [certain federally funded projects]." 12 U.S.C. § 1701u(1)(A). In particular, the provision prioritizes hiring individuals who are "residents of the housing developments for which the assistance is expended," residents of nearby public developments, and "other low- and very low-income persons residing within the metropolitan area . . . in which the assistance is expended." 12 U.S.C. § 1701u(1)(B). Plaintiffs, however, have failed to state a claim arising under Section 3 because plaintiffs have not asserted that defendants' construction projects have received federal funding or that defendants are contractors or subcontractors of a public housing agency. Moreover, even if plaintiffs had made such allegations, there is no

3

private right of action to enforce Section 3's provisions. See Williams v. U.S. Dep't of Hous. and Urban Dev., Docket No. 04-CV-3488, at * 7-9 (NGG), 2006 WL 2546536 (E.D.N.Y. Sept. 1, 2006).

C.   42 U.S.C. § 1981

The Court notes that the essence of plaintiffs' allegations is that they were denied employment because of their race. Plaintiffs' allegations, liberally construed, may be cognizable under 42 U.S.C. § 1981(a), which provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "In order to establish a claim based on [§ 1981], the plaintiff must show . . . that the defendant discriminated against him on the basis of race, that that discrimination was intentional, . . . and that the discrimination was a substantial or motivating factor for the defendant's actions." Tolbert v. Queens College, 242 F.3d 58, 69 (2d Cir. 2001) (internal citations and quotations omitted). Because the Court finds that plaintiffs' allegations, liberally construed, may state a claim under Section 1981, the Court will allow plaintiffs to proceed under that statute.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as to plaintiffs' claims purportedly arising under the Fair Housing Act and the Fair Labor Standards Act. To the extent plaintiffs' complaint can be read as asserting claims under Section 3 of the Housing and Urban Development Act, those claims are also dismissed. However, the Court, in interpreting the complaint as raising the strongest arguments it suggests, will permit plaintiffs to proceed under 42 U.S.C. § 1981. The Clerk of Court shall issue summonses and the United States Marshals Service shall serve the summonses, complaint, and a copy of this Order on defendants. The case

is referred to the Honorable Ramon E. Reyes, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 6, 2009

RAYMOND J. DEARIE
United States District Judge