UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARCUS MOORE, SYLVESTER LUKE, and
GEOFF PEREIRA,  **MEMORANDUM & ORDER**
09-CV-2925 (RJD) (RER)
Plaintiffs,

-against-

KTR DEVELOPMENT LLC, 557 LAFAYETTE
AVENUE LLC, B&H CONTRACTING CORP.,
330 CLIFTON CORP., and
SHIFRA CONSTRUCTION CORP.,

Defendants.
----------------------------------------------------------------x
DEARIE, Chief Judge:

Plaintiffs, proceeding pro se, claim that the defendants refused to hire them to work at the defendants' construction sites because they are African-American. Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint in its entirety. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiffs allege that defendants are constructing building projects at 552 and 557 Lafayette Avenue and 330 Clifton Place in Brooklyn, New York and that on four occasions from November 2008 to June 2009 they "approached the Defendants for work that they are qualified for and were refused employment." Plaintiffs further allege: "Defendants have hired their entire construction crew from outside of the immediate affected area. Defendants have not hired and have refused to employ any employees who are of African descent or any skilled or unskilled talent from within the proximate effected [sic] neighborhood." Plaintiffs allege that instead defendants have "exclusively employed a significant work force exclusively comprised of Asian and Hispanic nationals," a "significant portion" of whom are undocumented aliens. Plaintiffs

allege that defendants' refusal to employ them violates the "Fair Housing Labor Laws" and "Fair Labor Laws," and they seek an order enjoining defendants from engaging in discriminatory employment practices as well as an unspecified amount of monetary damages.

In an order dated October 6, 2009, the Court, in reviewing plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed, sua sponte, plaintiffs' housing and labor law claims. (See Docket Entry 6.) The Court concluded, however, that plaintiffs' allegations, construed liberally, could conceivably give rise to a claim under 42 U.S.C. § 1981 and permitted plaintiffs' complaint to go forward on that basis. Defendants now move to dismiss the § 1981 claim.

## DISCUSSION

In accordance with the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). This "plausibility" standard is guided by "[t]wo working principles." Id. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.[1] Where plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570.

---

[1] The Court is mindful that even after Twombly it remains obligated to construe a pro se complaint liberally. See Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

2

Section 1981 prohibits certain kinds of discrimination in the making and enforcement of contracts, including contracts of employment. To survive a motion to dismiss, a plaintiff bringing a claim under § 1981 "must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). In pleading intentional racial discrimination, a plaintiff "must do more than recite conclusory assertions," but rather "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar Coll., 35 F.3d 709, 713-14 (2d Cir. 1994) (citations omitted).

Plaintiffs do not offer any factual allegations that push their claims that they were intentionally discriminated against across the line from conceivable to plausible. Plaintiffs' only allegations are that they are African-American, that they requested and were denied employment, and that "a significant" percentage of the "work force" at the defendants' construction sites are Asian and Hispanic. It would not take much to convince the Court that plaintiffs' claims are not purely speculative and that discovery should proceed. But the pleading before the Court does not meet the threshold plausibility standard as it does little more than allege that plaintiffs are African-American and that they were not hired. Accordingly, the complaint is dismissed. See Coleman v. brokersXpress, LLC, 2009 WL 275474, at *3 (S.D.N.Y. Feb. 4, 2009) (dismissing complaint where plaintiff alleged "little more that he is Jewish and that he was terminated"), aff'd 375 Fed. App'x 136, 2010 WL 1731821 (2d Cir. Apr. 30, 2010); see also Sanders v. Grenadier Realty, Inc., 367 Fed. App'x 173 (2d Cir. Feb. 22, 2010) (affirming district court's

order dismissing claims: "while paragraph 17 does allege facts consistent with a discrimination claim, *i.e.*, that non-black residents were granted subsidies, it nevertheless stops short of the line between possibility and plausibility of entitlement to relief . . . because plaintiffs do not allege any facts supporting an inference of racial animus") (internal citations and quotation marks omitted).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed in its entirety. Because plaintiffs are proceeding pro se, they may, within 21 days of the date of this Memorandum & Order, amend their complaint to set forth specific factual allegations from which a plausible claim of intentional discrimination may be inferred.

SO ORDERED.

Dated: Brooklyn, New York
February 15, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge